UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | |
|---|---|
| LINCOLN BARBOUR, SARAH LOUISE BENNETT, MEG GAIGER, NOAH DYLAN GOLDBLATT, MORGAN HOWARTH, OLGA KRELIN, MICHAEL MCNAMARA, and DONALD SULLIVAN,<br><br>Plaintiffs,<br><br>v.<br><br>BUZZFEED, INC.,<br><br>Defendant. | CIVIL ACTION NO. 1:25-cv-08825 |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiffs LINCOLN BARBOUR ("Plaintiff" or "Photographer"), SARAH LOUISE BENNETT ("Plaintiff" or "Photographer"), MEG GAIGER ("Plaintiff" or "Photographer"), NOAH DYLAN GOLDBLATT ("Plaintiff" or "Photographer"), MORGAN HOWARTH ("Plaintiff" or "Photographer"), OLGA KRELIN ("Plaintiff" or "Photographer"), MICHAEL MCNAMARA ("Plaintiff" or "Photographer"), and DONALD SULLIVAN ("Plaintiff" or "Photographer") (collectively the "Plaintiffs" or "Photographers"), by and through their undersigned attorneys, file their Complaint against Defendant BUZZFEED, INC. for damages and injunctive relief, and in support thereof state as follows:

**JURISDICTION, AND VENUE**

1. This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq.* This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (copyright jurisdiction).

**SRIPLAW**
CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK

2. This Court has personal jurisdiction over the Defendant because Defendant is present at its offices in this District, because Defendant is transacting, doing, and soliciting business in this District, and because Defendant caused plaintiffs injury in this District.

3. Venue is proper under 28 U.S.C. § 1391 (b)(1), (c)(2), and (d), and 28 U.S.C. § 1400(a).

## THE PLAINTIFFS

4. LINCOLN BARBOUR ("Barbour") is a professional photographer who resides in the United States of America. Plaintiff Barbour specializes in photographing spaces, specifically, architecture, interiors, hospitality, and products.

5. SARAH LOUISE BENNETT ("Bennett") is a professional photographer who resides in the United Kingdom. Plaintiff Bennett works primarily with musicians and businesses across the music industry with a reputation for creating vibrant and emotive photographs.

6. MEG GAIGER ("Gaiger") is a professional photographer who resides in the United Kingdom. Plaintiff Gaiger refers to herself as the "photographer of things in my head" and expresses her thoughts and visions by capturing unique, vivid photographs.

7. NOAH DYLAN GOLDBLATT ("Goldblatt") is a professional photographer who resides in the United States of America. Plaintiff Goldblatt melded his interest in cultural studies and literature with the realm of photography, creating a distinctive niche in intercultural photographic exploration. Goldblatt's aim has predominantly been to capture and exhibit the intricate interplay between diverse cultures, employing his lens as an extension of his scholarly investigations.

8. MORGAN HOWARTH ("Howarth") is a professional photographer who resides in the United States of America. Plaintiff Howarth focuses on interior and architecture work but

is adept in almost all forms of photography. Howarth's photographs have a rich and illustrative style that brings architecture to life by combining a multitude of separately lit images into that one perfect shot.

9.  OLGA KRELIN ("Krelin") is a professional photographer who resides in Canada. Plaintiff Krelin is a visualizer of all things technical and strategic. She operates on the intersection of illustration, engineering, geology, geography, business and design. She has degrees in Industrial and Graphic design and specializes in information design, cartography and visual analytics.

10. MICHAEL MCNAMARA ("McNamara") is a professional photographer who resides in the United States of America. Plaintiff McNamara is the founder of ZenHouse Collective and has dedicated himself to photographing some of Los Angeles' and Austin's most iconic homes, showcasing billions in real estate through his lens.

11. DONALD SULLIVAN ("Sullivan") is a professional photographer who resides in the United States of America. Plaintiff Sullivan is an experienced commercial travel and location photographer specializing in landscape and travel photography.

## THE DEFENDANT

12. Defendant BUZZFEED, INC. ("Buzzfeed") is a corporation organized and existing under the laws of the state of New York with its principal office located at 229 W 43rd ST, 10th Floor, New York, NY, 10036, and can be served by serving its Registered Agent, C.T. Corporation System at 28 Liberty Street, New York, NY, 10005.

## FACTUAL BACKGROUND

### The Plaintiffs' Ownership of the Photographs

13. The photographers are owners of the copyright protected photographs listed in **Exhibit 1** (each a "Photograph," collectively the "Photographs").

14. **Exhibit 1** lists, by plaintiff name, the title of each Photograph (Image title); an attachment where each Plaintiff's Photograph can be viewed (Exhibit 1A-1H); a link where Defendant displayed an unauthorized copy of Plaintiff's Photograph (Match page URL); a link where the unauthorized copy of Plaintiff's Photograph was stored by Defendant (Match File URL); the USCO Certificate Number, and the website where the infringement occurred.

15. Each of the Photographs was either created by, transferred to, or commissioned on a work for hire basis by, one of the Photographers.

16. Each of the Photographers is the author, copyright holder, or exclusive licensee of one or more of the Photographs.

17. The Photographs -- in perspective, orientation, positioning, lighting, and other details -- are entirely original and creative.

18. The Photographs are works of authorship protected under the Copyright Act.

19. The Register of Copyrights for the U.S. Copyright Office issued to the Photographers Certificates of Registration are reflected and listed on **Exhibit 1**.

20. The Photographs listed on **Exhibit 1** that do not reference a Certificate of Registration are foreign works exempt from the registration requirement pursuant to 17 U.S.C. § 411(a).

21. None of the Photographers transferred ownership of copyright in the Photographs to any other person or entity.

22.     None of the Photographers ever granted a license to Defendant to use any of the Photographs for any purpose.

### Defendant's Infringement of the Photographs

23.     Prior to the filing of this complaint, but within the statute of limitations, the Photographers discovered that Defendant copied, displayed, distributed and created derivative works of the Photographs on pages of Defendant's websites located at the URLs www.buzzfeed.com and www.huffingtonpost.com (the "Websites").

24.     Defendant has never been licensed to use any of the Works for any purpose.

25.     Without authorization to do so, Defendant accessed the Works, reproduced copies of the Works on its server, and displayed copies of the Works publicly on Defendant's Websites.

26.     Defendant also displayed the Photographs internally to its employees, independent contractors, customers and vendors.

27.     After Defendant copied the Photographs, it made further copies and distributed the images on the internet to promote the sale of goods and services as part of Defendant's business.

28.     Defendant copied and distributed the Photographs for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling its products and services.

29.     None of the Photographers ever gave Defendant permission or authority to copy, distribute or display any of the Photographs for any purpose.

### COUNT I
### Direct Copyright Infringement – 17 U.S.C. §§ 501 *et seq.*

30.     The Photographers incorporate the allegations of Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. The Photographers own valid copyrights in the Photographs.

32. Where required to do so, the Photographers registered the Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

33. Defendant copied, displayed, and distributed the Photographs and made derivatives of the Photographs without the Photographers' authorization in violation of 17 U.S.C. § 501.

34. Defendant performed the acts alleged in the course and scope of its business activities.

35. Defendant's acts were willful.

36. The Photographers have been damaged.

37. The harm caused to the Photographers has been irreparable.

### COUNT II
### Removal of Copyright Management Information – 17 U.S.C. § 1202

38. The Photographers Lincoln Barbour and Morgan Howarth incorporate allegations of Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

39. Barbour and Howarth's Works contained copyright information (CMI) as defined by 17 U.S.C. § 1202 including Barbour and Howarth's names, a copyright notice ©, and link to the licensing terms[1] displayed on their websites. Howarth's images also contained a watermark © Morgan Howarth embedded on his Works.

40. Defendant knowingly and with the intent to enable or facilitate copyright infringement removed from and failed to display the CMI in the work at issue in this action in violation of 17 U.S.C. § 1202(b).

---

[1] Barbour https://www.lincolnbarbour.com/fulfillment-policy and Howarth https://www.morganhowarth.com/p/licensing-and-terms

41. Defendant committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate, or conceal infringement of Barbour and Howarth's rights in their Works at issue in this action protected under the Copyright Act.

42. Defendant caused, direct and authorized others to commit these acts knowing or having reasonable ground to know that they would induce, enable, facilitate or conceal infringement of Barbour and Howarth's rights in their Works as issue in this action protected under the Copyright Act.

43. The Photographers Barbour and Howarth have been damaged.

44. The harm caused to the Photographers Barbour and Howarth has been irreparable.

## COUNT III
### Vicarious Copyright Infringement – 17 U.S.C. §§ 501 et seq.

45. The Photographers incorporate the allegations of Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

46. The Photographers own valid copyrights in the Photographs.

47. Where required to do so, the Photographers registered the Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

48. Defendant's employees, independent contractors, customers and vendors and other third-parties copied, displayed, and distributed the Photographs and made derivatives of the Photographs without the Photographers' authorization in violation of 17 U.S.C. § 501.

49. At all relevant times, Defendant had the right and ability to supervise the infringing activities of Defendant's employees, independent contractors, customers, vendors and other third-parties.

SRIPLAW

CALIFORNIA ◆ GEORGIA ◆ FLORIDA ◆ TENNESSEE ◆ NEW YORK ◆ TEXAS ◆ INDIANA

50. At all relevant times, Defendant had a direct financial interest in the infringing activities of Defendant's employees, independent contractors, customers, vendors and other third-parties, failed to exercise the right and ability to stop the infringement, and benefited financially from the infringement.

51. Defendant's acts were willful.

52. The Photographers have been damaged.

53. The harm caused to the Photographers has been irreparable.

## COUNT IV
### Contributory Copyright Infringement – 17 U.S.C. §§ 501 et seq.

54. The Photographers incorporate the allegations of Paragraphs 1 through 29 of this Complaint as if fully set forth herein.

55. The Photographers own valid copyrights in the Photographs.

56. Where required to do so, the Photographers registered the Photographs with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

57. Defendant's employees, independent contractors, customers and vendors and other third-parties copied, displayed, and distributed the Photographs and made derivatives of the Photographs without the Photographers' authorization in violation of 17 U.S.C. § 501.

58. Defendant knew or reasonably should have known of the copyright infringement committed by Defendant's employees, independent contractors, customers and vendors and other third-parties.

59. Defendant induced, caused, and/or materially contributed to infringing conduct of defendant's employees, independent contractors, customers and vendors and other third-parties by facilitating and using the Works on the Website to promote Defendant's business despite

defendant's knowledge that Defendant's employees, independent contractors, customers and vendors and other third-parties' use of the Works infringed Plaintiffs' copyrights.

60. Defendant's acts were willful.

61. The Photographers have been damaged.

62. The harm caused to the Photographers has been irreparable.

## PRAYER FOR RELIEF

WHEREFORE, the Photographers pray that this Honorable Court:

a. Issue a judgment that Defendant's unauthorized conduct violates the Photographers' rights under the Copyright Act, 17 U.S.C. §101, et seq.;

b. Order Defendant to account to the Photographers for all gains, profits, and advantages derived from their infringements of the Photographs;

c. Order Defendant to pay the Photographers all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for all infringements of the Photographs; alternatively, maximum statutory damages in the amount of $30,000 for infringement of each of the Photographs pursuant to 17 U.S.C. § 504 (c)(1); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

d. Award Photographers the maximum statutory damages in the amount of $150,000 for Defendant's willful infringement of each of the Photographer's copyrights in the Photographs pursuant to 17 U.S.C. § 504 (c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

e. Order Defendant to pay profits and damages where applicable in such amount as may be found pursuant to 17 U.S.C. § 1203 (with interest thereon at the highest legal rate) for all

violations of the Digital Millennium Copyright Act; alternatively, maximum statutory damages in the amount of $25,000 for each violative act pursuant to 17 U.S.C. § 1203(c)(3)(B);

      f.      Order Defendant to pay the Photographers their costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203;

      g.      Order Defendant to deliver to the Photographers all copies of the Photographs and all other materials containing such infringing copies of the Photographs in their possession, custody or control;

      h.      Order Defendant, its agents, and its servants to be enjoined during the pendency of this action and permanently from infringing the copyrights of the Photographers in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photographs; and

      i.      Order such other and further relief as this Honorable Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial on all counts so triable.

Dated: October 24, 2025              Respectfully submitted,

*/s/ Rebecca A. Kornhauser*
REBECCA A. KORNHAUSER
Bar Number: 6174387
rebecca.kornhauser@sriplaw.com

**SRIPLAW, P.A.**
41 Madison Avenue
25th Floor
New York, NY 10010
646.517.3534 – Telephone
541.404.4350 – Facsimile

and

JOEL B. ROTHMAN
Bar Number: 2459576
Joel.rothman@sriplaw.com

**SRIPLAW, P.A.**
21301 Powerline Road
Suite 100
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiffs Lincoln Barbour, Sarah Louise Bennett, Meg Gaiger, Noah Dylan Goldblatt, Morgan Howarth, Olga Krelin, Michael McNamara, and Donald Sullivan*