USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/9/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MORGAN HOWARTH,

Plaintiff,

-against-

BUZZFEED, INC.,

Defendant.

25-CV-08825 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

After multiple failed attempts at resolution, the Court set discovery in motion as to the last remaining plaintiff, Mr. Howarth, on July 1, 2026. *See* Dkt. No. 39. Later, at the parties' request, and in part because they indicated they would seek the Court's intervention on a discrete discovery dispute, the Court extended the deadline to complete fact discovery to January 11, 2027, and invited the parties to file letter motions on their discovery dispute. *See* Dkt No. 49.

On September 29, 2026, Plaintiff filed a letter-motion seeking an allowance to appear for his deposition remotely, instead of in New York, because Mr. Howarth has voluntarily moved to France since this case was filed. Dkt. No. 50. On October 6, 2026, Defendant cross-moved to compel Mr. Howarth to appear for his deposition in person, arguing that Plaintiff has not met the burden required to shift the expectation of in-person depositions under Rule 30(b)(4). The Court agrees with Defendant.

"As a general rule, a plaintiff will be required to make himself available or a deposition in the forum where he brought suit." *Packard v. City of New York*, 326 F.R.D. 66, 68 (S.D.N.Y. 2018); *see also Clarke v. Passfeed, Inc.*, No. 24-CV-00596 (JPC)(SLC), 2024 WL 4751690, at *2 (S.D.N.Y. Oct. 7, 2024) ("Ordinarily, a plaintiff's deposition will be held in the forum district because the plaintiff selected the forum and therefore consented to participating in proceedings there."). However, the Court also "strive[s] to achieve a balance between claims of prejudice" by Defendant and Plaintiff's hardship. *Est. of Gerasimenko v. Cape Wind Trading Co.*, 272 F.R.D. 385, 387 (S.D.N.Y. 2011).

Here, Plaintiff alleges that being compelled to travel to New York for his deposition would force him to miss four days of work as a self-employed artist (while also claiming that he is "retired"), and that he would incur thousands of dollars in cost for his travel and lodging to be deposed in New York. *See* Dkt. No. 50. On the other hand, Defendants claim that they will be prejudiced without the opportunity to depose Mr. Howarth in-person because the claims turn "substantially on his own knowledge, conduct, and credibility" and Defendant must "test those matters through a controlled, in-person examination." *See* Dkt. No. 51.

The balance of factors weighs in favor of Defendant. Plaintiff was given ample notice that Defendant would be insisting on an in-person deposition, consistent with the presumption

under the Rules, *see* Dkt. No. 51, and he chose to move to France after commencing a lawsuit in New York. While Plaintiff has pointed to the expense and inconvenience of traveling to the forum where he chose to file this lawsuit, he has not established that the claimed expenses and inconvenience would pose a particular or undue hardship for him. The Court agrees with Defendant that it is should not be required to accept a materially less reliable deposition of a named plaintiff, and Defendant has credibly argued that would be the case if the deposition were conducted remotely. Further, there is no suggestion that Mr. Howarth proposed any mutually agreeable third-party location that could alleviate his outlay of time or money but meet Defendant's requirement of an in-person deposition.

For the foregoing reasons, Plaintiff's motion at Dkt. No. 50 is DENIED, and Defendant's cross-motion at Dkt. No. 51 is GRANTED. Plaintiff must appear for an in-person deposition in the forum he chose, unless Defendant consents to an alternative location or alternative means.

Dated: October 9, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge